## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHEILA THORPE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 05-2326-CM** |
| ) | |
| **ROGER WERHOLTZ, SECRETARY OF** ) | |
| **CORRECTIONS for the STATE OF** ) | |
| **KANSAS DEPARTMENT OF** ) | |
| **CORRECTIONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Roger Werholtz and David McKune's Motion to Dismiss (Doc. 6).

**I.  Background**

Plaintiff brought this action on July 28, 2005, against Linear LLC, Roger Werholtz, as the Secretary of Corrections for the State of Kansas Department of Corrections, and David McKune as the Superintendent at the Lansing Correctional Facility. Plaintiff's claims arise out of physical injuries that she sustained during an inmate attack on her while she was employed at the Lansing Correctional Facility. Plaintiff's complaint alleges negligence (Count I) and strict product liability (Count II) against defendant Linear LLC, and denial of due process rights (Count III), wrongful termination (Count IV), and negligence (Count V) against defendants Werholtz and McKune.

Defendants Werholtz and McKune move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6) as: (1) barred by the Kansas Workers' Compensation Act, Kan. Stat. Ann. § 44-501 *et seq*.; (2) barred because an appeal to the Civil Service Board of the State of Kansas ("CSB") was plaintiff's sole remedy for her wrongful termination claim; and (3) barred by Eleventh Amendment immunity.

## II. Standard

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff, *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984).

## III. Analysis

### A. Application of the Kansas Workers' Compensation Act

Count III of plaintiff's complaint alleges that, on December 4, 2003, defendants Werholtz and McKune were aware of an imminent attack on plaintiff by an inmate and failed to warn plaintiff of the impending attack. Count III further alleges that defendants equipped plaintiff with a defective panic alarm

that would have prevented the inmate attack if it had been functioning properly. Count V of plaintiff's complaint alleges that defendants Werholtz and McKune were negligent in failing to provide her a safe work environment and breached their duty to her by failing to warn her of the impending inmate attack, which caused her injuries. Defendants contend that plaintiff's exclusive remedy with regard to the inmate assault on her is a worker's compensation claim. Plaintiff contends that Kansas law permits an injured worker to bring a tort claim for defective institutional policies, and that defendants' failure to warn plaintiff of an attack is not protected under the exclusive remedy provision of the Kansas Workers' Compensation Act, Kan. Stat. Ann. § 44-501(b).[1]

"The Kansas Workers Compensation Act provides an exclusive remedy for an employee who is injured while performing work for his employer. Jurisdiction of case [sic] arising under state workers compensation laws lies exclusively with the states." *Hamrick v. Farmers Alliance Mut. Ins. Co.*, 2004 WL 955273, at *9 (D. Kan. 2004). It is well settled in Kansas that "[t]he Workmen's Compensation Act provides efficient remedies and protection for employees, and is designed to promote the welfare of the people in this state. It is the exclusive remedy afforded the injured employee, regardless of the nature of the employer's negligence." *Murphy v. City of Topeka - Shawnee County Dep't of Labor Svcs.*, 630 P.2d 186, 192 (Kan. App. 1981).

> Under this statute the well established rule is that if a workman can recover benefits from an employer under the workman's compensation act for an injury, he cannot maintain a common-law negligence action against that employer for damages based on a theory of

---

[1] Section 44-501(b) states: "Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for an injury for which compensation is recoverable under the workers compensation act . . . ."

> negligence. This exclusive remedy provision also bars a common-law action against another employee of such an employer.[2]

*Fugit, Administratrix v. United Beechcraft, Inc.*, 564 P.2d 521, 523 (Kan. 1971) (citations omitted); *see also Wheeler v. Rolling Door Co.*, 109 P.3d 1255, 1258 (Kan. App. 2005) (same holding). Section 44-501(g) further states: "It is the intent of the legislature that the workers compensation act shall be liberally construed for the purpose of bringing employers and employees within the provisions of the act to provide the protections of the workers compensation act to both."

Kansas courts have specifically found that the exclusive remedy provision does not violate the Kansas Constitution, *Boyd v. Barton Transfer & Storage, Inc.*, 580 P.2d 1366, 1369-70 (Kan. 1978), and the Tenth Circuit has found that the exclusivity provision also does not violate the equal protection clause of the Fourteenth Amendment, *Davidson v. Hobart Corp.*, 643 F.2d 1386, 1387 (10th Cir. 1981).

Plaintiff's negligence and failure to warn claims against defendants Werholtz and McKune, encompassed by Counts III and V of her complaint, appear to fall squarely within the exclusivity provision of the Workers' Compensation Act. Plaintiff claims that her injuries arise out of and occurred in the course of her employment. Plaintiff does not claim that defendants acted out of the scope of their duties as employees of the State of Kansas.

In fact, plaintiff's claims that defendants failed to warn her of an imminent attack and breached their duty to her by failing to warn her of the imminent attack are simply forms of a negligence claim against defendants. *See Klose v. Wood Valley Racquet Club, Inc.*, 975 P.2d 1218, 1224 (Kan. 1999) (holding that plaintiff's failure to warn of dangerous condition was negligence theory); *Beckner v. Jensen*, 24 P.3d

---

[2] Plaintiff is not barred from suing a third-party tortfeasor for her injuries. Kan. Stat. Ann. § 44-504(a).


169, 171 (Kan. App. 2001) (holding that "[i]n a negligence case, plaintiff must establish a duty, breach of the duty, damages, and a causal connection between the duty breached and the damages.") (citation omitted). In considering a similar issue dealing with the exclusivity provision of the Workers' Compensation Act, the Tenth Circuit held:

> The plaintiffs' theory of the directors' liability is the directors' alleged knowledge of hazardous working conditions which caused the employee's death. The directors' only connection with the employee's death arises solely out of their performance of services for the employer corporation. Therefore, they are immune from liability in this case.

*Davidson*, 643 F.2d at 1388. Accordingly, the court finds that Counts III and V of plaintiff's complaint are negligence claims barred by the exclusivity provision of the Workers' Compensation Act and therefore dismisses those claims.

### B. Effect of the Civil Service Board Final Order

With regard to plaintiff's wrongful termination claim (Count IV), the court notes that plaintiff was an employee of the State of Kansas, under the supervision of defendants Werholtz and McKune at the Lansing Correctional Facility. Upon plaintiff's termination of employment on December 18, 2003, plaintiff appealed her dismissal to the CSB, which was plaintiff's proper recourse for alleged wrongful termination of her state employment. On February 16, 2004, the CSB took up plaintiff's appeal of her termination, based solely upon the written exhibits provided by the parties, at plaintiff's request. The CSB found plaintiff's termination to have been proper and denied plaintiff's appeal. The CSB mailed its final order affirming the termination and denying plaintiff's appeal to plaintiff on February 25, 2004. The final order informed plaintiff that she could seek judicial review of the CSB's final order by filing a petition for judicial review within 30 days of service of the final order, pursuant to Kan. Stat. Ann. § 77-601 *et seq*. The final order also notified plaintiff

that the filing of a petition for reconsideration was not a prerequisite to seeking judicial review of the final order.

Kansas Statute Annotated § 77-613(b) specifically provides that: "[i]f reconsideration has not been requested and is not a prerequisite for seeking judicial review, a petition for judicial review of a final order shall be filed within 30 days after service of the order." Following the CSB's entry of its final order, plaintiff did not file her complaint in this court until July 28, 2005. While plaintiff's complaint does not specifically request review of the CSB's final order, because plaintiff was an employee of the State of Kansas and subject to the provisions of Kan. Stat. Ann. § 77-601 *et seq*., the court construes plaintiff's wrongful termination as such a request for judicial review. Plaintiff, in her response to the Motion to Dismiss, acknowledges that she was required to exhaust all administrative remedies before bringing an independent action to challenge the dismissal. However, although plaintiff properly exhausted her administrative remedies prior to filing this lawsuit, in light of the fact that plaintiff waited until more than a year after the CSB's final order was served upon her to file this lawsuit, plaintiff's request for judicial review is untimely. Accordingly, the court dismisses Count IV of plaintiff's complaint as time-barred pursuant to Kan. Stat. Ann. § 77-601 *et seq*.

### C.    **Eleventh Amendment Immunity**

Because the court finds other arguments dispositive of plaintiff's claims against defendants Werholtz and McKune, the court declines to address defendants' Eleventh Amendment immunity argument.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 6) is granted for the reasons set forth above. Plaintiff's claims against defendants Werholtz and McKune (Counts III, IV and V of plaintiff's complaint) are hereby dismissed.

-7-

Dated this 16th day of February 2006, at Kansas City, Kansas.

                                                 **s/ Carlos Murguia**
                                                 **CARLOS MURGUIA**
                                                 **United States District Judge**