IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHEILA THORPE,** )<br>    **Plaintiff,** )<br> )<br>v. )<br> )<br> )<br>**ROGER WERHOLTZ, SECRETARY OF** )<br>**CORRECTIONS for the STATE OF** )<br>**KANSAS DEPARTMENT OF** )<br>**CORRECTIONS, et al.,** )<br> )<br> )<br>    **Defendants.** )<br>_____)| CIVIL ACTION<br><br>No. 05-2326-CM |

## MEMORANDUM AND ORDER

Plaintiff Sheila Thorpe filed this case on July 28, 2005. On June 7, 2006, Magistrate Judge James P. O'Hara issued a Report and Recommendation (Doc. 32) in which he recommended that plaintiff's claims be dismissed without prejudice, for lack of prosecution, pursuant to Fed. R. Civ. P. 41(b). On June 13, 2006, plaintiff sent a letter to the court, which was filed as an objection to Magistrate Judge O'Hara's Report and Recommendation. In the letter, plaintiff stated that she was trying to retain an attorney, but that she had not found one to take her case. On March 20, 2007, the court issued an order cautioning plaintiff that it was going to dismiss her case unless she could show cause by April 4, 2007 why the case should not be dismissed with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b). The March 20, 2007 Order also directed plaintiff to advise the court whether or not she intended to proceed *pro se* or hire an attorney to represent her. The court sent the March 20, 2007 Order to plaintiff via certified mail; the letter was returned as refused. To date, plaintiff has not responded to the court's March 20, 2007 Order.

Under Fed. R. Civ. P. 41(b) and D. Kan. R. 41.1, the court may dismiss an action if the plaintiff fails to comply with a court order or the Federal Rules of Civil Procedure or fails to prosecute its case. A Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice, meaning plaintiff cannot re-file her claims. Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for lack of prosecution, the court considers "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Reed v. Bennett*, 312 F.3d 1190, 1196 (10th Cir. 2002) (citations omitted).

As set forth more fully in Magistrate Judge O'Hara's Report and Recommendation, plaintiff has failed to participate in this litigation for over a year. Plaintiff was to submit the parties' planning conference report by March 3, 2006. When she failed to comply with the court's order, she was directed to show cause why this case should not be dismissed for failure to prosecute by April 3, 2006. When she failed to show cause by April 3, 2006, Magistrate Judge O'Hara recommended her case be dismissed. But before dismissing the case, the court gave her yet another chance to explain why her case should not be dismissed. And again she refused to respond. Plaintiff has had multiple opportunities to participate in this litigation, but has not done so. Any further delay will prejudice the defendants. Plaintiff's willful refusal to participate in this litigation is interfering with the judicial process.

**IT IS THEREFORE ORDERED** that Magistrate Judge O'Hara's Report and Recommendation (Doc. 32) is adopted in its entirety and that this case is dismissed with prejudice for plaintiff's failure to prosecute.

-3-

Dated this 9th day of April 2007, at Kansas City, Kansas.

                              **s/ Carlos Murguia**
                              **CARLOS MURGUIA**
                              **United States District Judge**